**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Timmy Eugene Rice, Jr., Appellant.

Appellate Case No. 2014-001753

Appeal From Newberry County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-157
Submitted January 1, 2016 – Filed March 30, 2016

**AFFIRMED**

Appellate Defender Tiffany Lorraine Butler, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Staff Attorney Susannah Rawl Cole, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In

criminal cases, the appellate court sits to review errors of law only."); *id.* ("This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); S.C. Code Ann. § 17-23-175(A)(4) (2014) ("[A]n out-of-court statement of a child is admissible if . . . the court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness."); S.C. Code Ann. § 17-23-175(B) (2014) ("In determining whether a statement possesses particularized guarantees of trustworthiness, the court may consider, but is not limited to, the following factors: (1) whether the statement was elicited by leading questions; (2) whether the interviewer has been trained in conducting investigative interviews of children; (3) whether the statement represents a detailed account of the alleged offense; (4) whether the statement has internal coherence; and (5) sworn testimony of any participant which may be determined as necessary by the court."); *State v. Tyner*, 273 S.C. 646, 653, 258 S.E.2d 559, 563 (1979) ("A leading question is one which suggests to the witness the desired answer.").

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.